(No. 7547—Decided June 9, 1952.)

*Mr. Walter K. Sibbald,* for appellant.
*Mr. Gordon Iliff,* for appellee Maurice Reardon.
*Mr. C. Watson Hover,* prosecuting attorney, *Mr. William J. Schmid* and *Mr. Carl B. Rubin,* for appellee Gilbert J. Shaver, county recorder.

MATTHEWS, J. The record presented in this case is meager and leaves much to conjecture. It does show that in a proceeding to register certain real estate under the Torrens Act (Section 8572-1 *et seq.,* General Code) the county recorder was in doubt as to how he should proceed, and, therefore, referred the matter to

the Common Pleas Court for determination and direction.

We learn from the briefs, particularly from appellant's brief, and the title examiner's report, that an action was commenced by Maurice Reardon to register and partition this real estate. He alleged that he owned an undivided two-thirds title and one Julius Bepler owned the other one-third. Julius Bepler moved to dismiss the action to register on the ground that it appeared that the plaintiff did not own the complete legal or equitable title. After filing this motion, but before the court had passed upon it, Julius Bepler died. Grace A. Bepler as the wife of Julius Bepler was made a party to the action originally, and, after the death of Julius Bepler, she was made a party in the capacity of executrix of his estate. She was not made a party as the successor in title of Julius Bepler. It is said that there was no evidence adduced that she owned the undivided one-third of the title that had been owned by Julius Bepler.

After Julius Bepler died, the court overruled the motion to dismiss and later entered a decree of registration of the title.

Shortly after the decree was entered and before the certificate of title had been delivered to anyone, Grace A. Bepler delivered to the county recorder a written demand that he not deliver a certificate of title to anyone, and, alleging that she was an owner of the real estate, formally surrendered said certificate to him for cancellation.

Upon receiving this demand and surrender of the certificate, the county recorder, acting under the provisions of Section 8572-40, General Code, referred the question to the Common Pleas Court, stating in the referral document the doubt he entertained was as to whether a ''cotenant owning undivided one-third of

registered land covered by the certificate of title can surrender her certificate of title, and as to whether the county recorder may issue an owner's duplicate certificate of title to one cotenant for his interest, not withdrawing the objection thereto by the remaining cotenant.''

The matter was referred to one of the title examiners, who reported that ''in his opinion the recorder should not deliver the owner's duplicate certificate of title to either cotenant, due to the fact that this cause was originally one for registration and partition, that the partition case is still pending and decree of registration should only be issued and certificate delivered to the purchaser at the partition sale, whether it be one of the cotenants who elects to take or a stranger who buys at the sheriff's sale. In either event the right of Grace A. Bepler to deregister whatever property she owns outright and as sole owner will be protected at that time, the examiner is of the opinion to permit her to deregister the entire title would violate the rights of Maurice Reardon to have his interest registered, and it is apparently impractical to deregister only her fractional interest.''

The Common Pleas Court thereupon found that ''the recorder of Hamilton county may not accept surrender of a certificate of title for deregistration of a fractional or partial interest in real estate, and he is hereby instructed to proceed in accordance herewith.'' That is the order appealed from.

Counsel for Grace A. Bepler urges three reasons for the reversal of this order:

(1) It is contended that Section 8572-40, General Code, does not confer jurisdiction upon the Common Pleas Court to direct the county recorder as to whether a certificate of title should be cancelled. *State, ex rel. Draper,* v. *Wilder, Recorder,* 145 Ohio St., 447, 62

N. E. (2d), 156, is relied upon to support that contention. We do not so interpret that case. It was an action in mandamus to compel the county recorder to issue a certificate of title upon presentation of an auditor's deed delivered to the relator upon a tax sale of forfeited lands. There was no pending case for the registration of a land title. It involved the question of the procedure to be followed upon a sale upon the forfeiture of registered land for the nonpayment of taxes. The answer to that question depended on whether Section 5762, General Code, in the chapter on "Forfeited Lands" repealed by implication Section 8572-58, General Code, a part of the Torrens Act. The court held that it did not.

Another question in that case was whether mandamus should issue to compel the issuance of a certificate of title in accordance with a finding of the Court of Common Pleas, upon an application by the county recorder, that Section 5762, General Code, did repeal Section 8572-58, General Code, and that a certificate of title should be issued.

The Supreme Court held that Section 8572-40, General Code, authorizing the county recorder to seek the direction of the Court of Common Pleas when in doubt in a registration proceeding had no application, and as there was no genuine controversy it could not be treated as an action for a declaratory judgment, and that the proceeding was no more than an attempt to get an advisory opinion from the court.

In contrast to the situation there presented, we have here an issue raised between Grace A. Bepler and Maurice Reardon—cotenants—and a doubt on the part of the county recorder as to how that issue should be resolved—and this in a pending action to register the title to land. In *State, ex rel. Draper, v. Wilder, Recorder, supra,* the finding was that the county recorder

should issue certificates of title to all persons presenting auditor's deeds and paying the required fee. The order of the court in the case at bar is limited to directing the county recorder as to his duty in the specific pending registration proceedings.

We conclude that the court had jurisdiction to make the order appealed from.

(2) Next, it is urged that the entire registration proceeding is void. This results it is said because the Torrens Act (8572-1 *et seq.*, General Code) does not authorize the institution of a registration proceeding by a partial owner of a fee title. It is true that by Section 8572-4, General Code, it is required that the applicant or applicants in a proceeding solely for registration shall singly or collectively own the fee title and this is recognized in many of the later sections. It is equally clear that an exception to this general rule by Section 8572-64, General Code, is provided. It expressly authorizes the plaintiff—a cotenant—in an action for partition to include a cause of action for registration of the title and requires him to make all necessary parties for registration. At no place is there a suggestion that the other cotenants must join in the prayer for registration. It would seem to be judicial legislation to interpolate such a requirement.

(3) Finally, it is contended that the court erred in the exercise of its jurisdiction, in that it should not have instructed the county recorder not to accept surrender of the certificate of title for deregistration of a fractional or partial interest in real estate.

This contention raises the question as to the meaning of Section 8572-64*a*, General Code (106 Ohio Laws, 24). That section is as follows:

"No decree or order of sale or partition heretofore or hereafter made in any suit, action or proceeding,

mentioned in said Section 8572-64, and no sale, conveyance or partition or decree confirming the same made in any such suit, action or proceeding shall be held void or in any wise affected by want of conformity of such suit, action or proceeding to the requirements of said section.

"Any person owning real estate the title to which is registered may surrender his certificate to the county recorder, who shall thereupon cancel said certificate of record, and thereafter said title shall be considered the same as if it had never been registered. All deeds and mortgages heretofore filed conveying registered lands, the registration certificate of which has been surrendered as herein provided for, shall be recorded according to law, and thereafter the lands conveyed therein shall be considered the same as if they had never been registered."

That section was not in the original Torrens Act, passed in 1913. It was passed in 1915 as an emergency act. In form, it was an amendment to Section 8572-64, General Code, which was repealed and re-enacted as Sections 8572-64, 8572-64a and 8572-64b, General Code. Later, Section 8572-64b, General Code, was repealed. The amending act (106 Ohio Laws, 24) is headed: "To amend Section 8572-64 of the General Code, to make optional the registration of title of land sold in partition or in suits brought by an assignee or other officer appointed by a court, and to cure defects in such proceedings."

Having reached the conclusion that this section authorizes any cotenant of a fee title to real estate to apply for registration in an action for partition of the land, provided all necessary parties to a registration are made parties to the action, and provided the court approves, the only remaining question is whether one of the cotenants has the power to prevent a registration.

We are convinced from a reading of these sections that the intent was to provide special provisions applicable in partition cases. If any cotenant desires it, the title may be registered in the proceeding so that all question as to the soundness of the title will be removed and the title quieted, and if no sale takes place then the person entitled may, upon a hearing, obtain the advantage of the registration proceeding and have the title registered in his name.

Section 8572-64, General Code, as originally enacted, contained mandatory language, whereas, the amended section is in terms of permission. While we are not clear as to the purpose of these changes, it does seem that the amended act as a whole gives the court more discretion in permitting or refusing registration.

Section 8572-64a, General Code, is entirely new. In terms, it authorizes any person owning real estate, the title to which is registered, to surrender his certificate and have the title deregistered. It seems clear to us that this language must be limited to those titles that are registered in partition cases and other sales mentioned in that section. The statute in effect gives to the holder of the title emanating from such proceedings the option of deciding whether he desires a registered or unregistered title.

To give Section 8572-64a, General Code, the broad meaning of authorizing all holders of registered titles to surrender their certificates and secure a deregistration of their titles would require a holding that the General Assembly intended to totally repeal Section 8572-86, General Code, which provides that "No land once brought under and made subject to the provisions of this act [G. C. 8572-1 to 8572-118] shall ever be withdrawn therefrom."

That Section 8572-86, General Code, was not repealed by Section 8572-64a is recognized by the Su-

preme Court in *State, ex rel. Draper,* v. *Wilder, Recorder, supra,* in which the court at page 453 said: "Except as provided in Section 8572-64*a*, General Code, no land once brought under and made subject to the act pertaining to the registration of land titles shall ever be withdrawn therefrom. See Section 8572-86, General Code."

At no place in Section 8572-64*a*, General Code, is one cotenant given the right to prevent the registration of the title which is the subject of the partition proceeding. Should he become the owner of the complete title as a result of the partition proceeding, he would have the option of determining whether he wanted a registered or unregistered title—but not otherwise.

A partition action is instituted by one or more co-tenants against other cotenants. In connection with such action, the plaintiff or plaintiffs owning only a fee in an undivided portion are authorized by Section 8572-64, General Code, to initiate registration proceedings. It certainly would be anomalous if the General Assembly in the same act clothed a defendant—cotenant —with the absolute power to prevent the registration.

We, therefore, hold that the court did not err in its direction to the county recorder.

The judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur in the syllabus, opinion and judgment.